[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S AMENDED MOTION TO DISMISS
This is a wrongful death action commenced pursuant to General Statute Section 52-555, in which the plaintiff, Trevor Redvers, Administrator C.T.A. of the estate of Paula Kalosky pleads in a three-count substitute complaint that Robert Kalosky either (1) intentionally, (2) recklessly, or (3) negligently caused his wife's death by shooting her in the head.
On February 13, 1999, Robert and Paula Kalosky were husband and wife and lived with their minor son in East Haddam, Connecticut. On said date the decedent Paula Kalosky died testate domiciled in the Probate District of East Haddam. Her death was ruled a suicide by the Connecticut State Police and the State Medical Examiner.
In accordance with the will, the testatrix named her husband, here the defendant, the beneficiary and Executor of her Estate. The Estate was in due course processed and closed by Affidavit of Closing filed July 19, 2000. None of the Probate Court's doings were objected to, contested or appealed.
On January 29, 2001, John Carbo, the decedent's brother, submitted an application to the Probate requesting the removal of Mr. Kalosky as Executor of the Estate, and to have himself appointed Administrator in order that the Estate could commence a wrongful death action against the defendant.
Following a hearing, John Carbo was appointed Temporary Administrator with the authority to serve the writ, summons and complaint in the proposed wrongful death action.
On March 14, 2001, the Probate Court removed Carbo as Temporary Administrator and appointed James Gagnon as successor Executor of the Estate and excused him from posting a bond. CT Page 2461
Gagnon filed the wrongful death action against Robert Kalosky, the named plaintiff being John Carbo, Temporary Administrator.
Mr. Gagnon resigned as Executor and his wife, who had been named second successor Executor under Paula Kalosky's will, entered her declination. In the same order and decree, Trevor Redvers was appointed Administrator, C.T.A. The court did not order Redvers to provide a bond, waive the requirement that he do so, or accept or record one from him, and there is no record of Redvers proving a probate bond.
Subsequent to being substituted as plaintiff, Redvers acting for the Estate determined that the action against Robert Kalosky would not be withdrawn and filed a substitute complaint dated November 11, 2001, the current pending complaint.
None of the orders and the decrees issued by the Probate Court were appealed.
The defendant challenges the actions of the Probate Court as follows:
1. That John Carbo had no standing to petition the Probate Court to reopen the closed estate.
2. The Probate Court exceeded its powers when it removed Robert Kalosky as Executor.
 3. The Probate Court failed to legally reopen the Estate.
4. The Probate Court failed to enter a legal order removing Robert Kalosky as Executor of the Estate with the result that the subsequent appointment of Temporary Administrator and an Administrator, C.T.A. and their determinations and actions are void and of no legal effect.
5. The Probate Court did not order the posting of a bond from any of its appointed Administrators, nor was any bond posted or any waiver sought excusing a bond.
6. Failure of any Administrator to post a bond or to seek a waiver was a material omission, rendering such appointment ineffective and rendering their determination and action void and ineffective.
7. The Garbo application did not present a justiciable controversy for the Probate Court to adjudicate/determine the extent of its jurisdiction over a purported case or controversy. CT Page 2462
8. This case does not present a justiciable controversy because:
(a) Garbo lack of standing
(b)(1) The questions raised are moot, afford no actual relief or are academic, or (2) are of hypothetical or abstract nature, or (3) are feigned or collusive in nature.
The motion for want/lack of subject matter jurisdiction is denied.
The determination and decrees of the Probate Court were not appealed, were within its jurisdiction and subject to its discretion.
Each appointment was made in furtherance of the Estate and reflected the determination made, after due hearing, by the Probate Court.
The appointment of successor Executor and Administrator obviously reflects that the Probate Court opened the Estate and removed Robert Kalosky as Executor.
The assets of the Estate to be opened had been distributed so that nothing remained in the Estate. No inventory existed at the time of the reopening except a chose in action, the value of which was undeterminable at the time of the appointment of Administrators. If the chose in action became an actual asset a bond would be required at the time the value of the asset was determined.
The court will not rule on the allegations that his case does not present a justiciable controversy because the nature of the allegations require findings of fact, there was no evidence, except counsels representation, for the court to make any findings.
The motion to dismiss is denied.
 DANIEL F. SPALLONE JUDGE TRIAL REFEREE
CT Page 2463